UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIRICK TRAMMEL SMITH,

              Plaintiff,                  Case No. 2:23-cv-10075
                                          District Judge Mark A. Goldsmith
v.                                  Magistrate Judge Anthony P. Patti

WELLPATH HEALTHCARE, *et al*.,

              Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THIS ACTION PURSUANT TO Fed. R. Civ. P. 41(b) & E.D. Mich. LR 41.2 and DEEM MOOT THE MDOC DEFENDANTS' PENDING DISPOSITIVE MOTION (ECF No. 18)

I.     **RECOMMENDATION**:  The Court should **DISMISS** this action pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 and, accordingly, **DEEM MOOT** the MDOC Defendants' pending dispositive motion (ECF No. 18).

II.    **REPORT:**

In January 2023, while located at the MDOC's Central Michigan Correctional Facility (STF), Airick Trammel Smith initiated this lawsuit against ten defendants.  Plaintiff is proceeding *in forma pauperis*, and the U.S. Marshals Service is facilitating service of process.  (ECF Nos. 6, 7, 8, 9.)  Six MDOC Defendants have appeared via counsel (ECF No. 16), but the other four defendants have yet to appear.

1

### A.     The MDOC Defendants' pending dispositive motion (ECF No. 18) is unopposed.

Judge Goldsmith has referred this case to me for pretrial matters.  (ECF No. 15.)  Currently before the Court is the MDOC Defendants' July 17, 2023 motion to dismiss or, alternatively, for summary judgment on the basis of exhaustion.  (ECF No. 18.)  Plaintiff's response was due on August 18, 2023.  (ECF No. 19.) However, on July 25, 2023, Plaintiff's copy of the order requiring response, which had been mailed to him at STF, was returned to the Court with the marking "paroled / discharged."  (ECF No. 20.)  To date, Plaintiff has not filed a response.

### B.     Plaintiff appears to have abandoned this case or, at least, to have been neglectful with updating his address.

When this lawsuit was just a few weeks old, the Clerk of the Court issued a "Notice Regarding Parties' Responsibility to Notify Court of Address Change," which, *inter alia*, cites E.D. Mich. LR 11.2 ("Failure to provide Notification of Change of Address").  (ECF No. 3.)  Plaintiff's address of record has been STF, from the time he filed his complaint until his most recent filing – his March 14, 2023 motion to proceed *in forma pauperis*.  (*See* ECF No. 1, PageID.22-24; ECF No. 5, PageID.28-31; ECF No. 6, PageID.33, 39-40.)  The Offender Tracking Information System (OTIS) indicates that Plaintiff was paroled on May 31, 2023;[1]

---

[1] *See* www.michigan.gov/corrections, "Offender Search," last visited Oct. 24, 2023.

yet, in the nearly five months since his parole, Plaintiff has not filed a notice of change of contact information.  Thus, at the very least, Plaintiff appears to have been neglectful in fulfilling his responsibility to keep the Court apprised of his change in address, which certainly explains why Plaintiff's copy of the July 18, 2023 order requiring response (ECF No. 19) was returned to the Court (ECF No. 20).[2]

**C.     The Court issued a show cause order (ECF No. 21).**

On September 26, 2023, the Undersigned entered an order, which, *inter alia*: (1) noted that the MDOC Defendants' motion to dismiss or, alternatively, for summary judgment (ECF No. 18) was unopposed, E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available."); and, (2) set a deadline of Wednesday, October 18, 2023 for Plaintiff, in writing, to:

- show cause why this case should not be dismissed in accordance with Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for his failure to

---

[2] Notwithstanding Plaintiff's May 31, 2023 parole, the MDOC Defendants served their July 17, 2023 motion upon Plaintiff at STF (ECF No. 18, PageID.91), but the MDOC Defendants have not indicated on the docket that their motion was returned as undeliverable.  Thus, the Court assumes that Plaintiff received it, perhaps by way of forwarded mail, in which case, even if the Court had not entered an order requiring response, Plaintiff would have been required to file one by approximately August 10, 2023.  *See* E.D. Mich. LR 7.1(e)(2)(A) (a response to a motion for summary judgment "must be filed within 21 days following service of the motion[.]"); Fed. R. Civ. P. 6(d) ("Additional Time After Certain Kinds of Service.").

comply with the Court's scheduling order (ECF No. 19) and/or under Fed. R. Civ. P. 41(b) for his failure to prosecute; and,

- propose a reasonable and conservative extended deadline for filing a response to the MDOC Defendants' pending motion (ECF No. 18), should the Court choose to permit a response.

(ECF No. 21.)  The order expressly warned:  "**Failure to comply with this Order could result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2**."  (*Id*., PageID.156-157 (emphasis in original).)  Not surprisingly, Plaintiff's copy of the show cause order (ECF No. 21) has been returned to the Court (ECF No. 22).  Likewise, Plaintiff has not filed a response to the Court's show cause order.

### E.    Conclusion

In the end, the MDOC Defendants' dispositive motion (ECF No. 18) remains unopposed.  As set forth in detail above, Plaintiff has not kept the Court apprised of his change of address (*see* E.D. Mich. LR 11.2), and he has not complied with either the Court's order requiring response (ECF No. 19) or show cause order (ECF No. 21), each of which has been returned to the Court (*see* ECF Nos. 20, 22).  Therefore, the Court should **DISMISS** this action pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 and, accordingly, **DEEM MOOT** the MDOC Defendants' pending dispositive motion (ECF No. 18).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc*.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Dated:  November 3, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE