UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIRICK TRAMMEL SMITH,

    Plaintiff,                                Case No. 23-cv-10075

v.                                             HON. MARK A. GOLDSMITH

WELLPATH HEALTHCARE et al.,

    Defendants.
_____/

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED NOVEMBER 3, 2023 (Dkt. 23), (2) DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 41(b), AND (3) DENYING DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY FOR SUMMARY JUDGMENT (Dkt. 18) AS MOOT**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Anthony P. Patti issued on November 2, 2023 (Dkt. 23). In the R&R, the magistrate judge recommends that the Court (i) dismiss Plaintiff Airick Trammel Smith's complaint (Dkt. 1) under Federal Rule of Civil Procedure 41(b) and (ii) deny as moot the motion to dismiss or, alternatively, for summary judgment filed by Defendants Gary Miniard, Russell Scabbo, Jeanna Bitler, Maria Davis, and Magen Oaks.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987)

(failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court (i) dismisses Smith's complaint, and (ii) denies as moot Defendants' motion for summary judgment (Dkt. 18).

SO ORDERED.

Dated: February 7, 2024　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge